UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

JASON KELLY SMITH,

Petitioner,

vs.

BREE DERRICK,[1]

Respondent.

Case No. 1:26-cv-00214-DCN

**INITIAL REVIEW ORDER**

Petitioner Jason Kelly Smith has filed a Petition for Writ of Habeas Corpus challenging his state court conviction. Dkt. 3. Federal habeas corpus relief is available to petitioners who are held in custody under a state court judgment that violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a).

The Court is required to review each newly-filed habeas corpus petition to determine whether it should be served upon the respondent, amended, or summarily dismissed. *See* 28 U.S.C. § 2243. If "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," the petition will be summarily dismissed. Rule 4 of the Rules Governing Section 2254 Cases.

[1] Petitioner has been transferred to Arizona facility. The Court substitutes as Respondent the current Idaho Department of Correction Director, who is the legal custodian of Petitioner. *See* Rule 2(a), Rules Governing Section 2254 Cases; *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004) (the custodian "is 'the person' with the ability to produce the prisoner's body before the habeas court.").

Having reviewed the Petition, the Court concludes that Petitioner may proceed to the next stage of litigation in this matter.

## REVIEW OF PETITION

### 1. Background

Petitioner was convicted of lewd conduct with a minor under the age of 16 and of being a persistent violator in the Fourth Judicial District Court in Ada County, Idaho. His judgment of conviction was entered on August 14, 2019. He was sentenced to a term of 20 years to life. He pursued a direct appeal and a post-conviction action in state court, neither of which was successful.

### 2. Discussion

In the Petition for Writ of Habeas Corpus, Petitioner asserts ineffective assistance of trial counsel and direct appeal counsel claims, a prosecutorial misconduct claim, and *Brady* withholding of evidence claims—all of which are cognizable federal claims under the United States Constitution. Dkt. 3.

Petitioner's claim that he was denied meaningful representation by post-conviction counsel is not a cognizable claim. *Id*. at 4-5. There is no constitutional right to collaterally attack a final judgment of conviction, and alleged defects in state court proceedings do not state a federal claim for relief under U.S. Supreme Court and Ninth Circuit case law. *United States v. MacCollom*, 426 U.S. 317, 323 (1976); *Ortiz v. Stewart*, 149 F.3d 923, 939 (9th Cir. 1998); *Franzen v. Brinkman*, 877 F.2d 26 (9th Cir. 1989). This claim is dismissed for failure to state a federal claim upon which relief can be granted.

It appears that some of Petitioner's claims may not have been properly exhausted because Petitioner asked his counsel to raise them, but counsel did not. The Court does not have the full record before it to make a final determination on the procedural matters.

The Court will order the Clerk of Court to serve the Petition upon Respondent, who will be permitted to file an answer or a pre-answer motion for summary dismissal.

**ORDER**

**IT IS ORDERED:**

1. Petitioner's in forma pauperis request (Dkt. 1) is GRANTED.
2. The Clerk of Court shall change Respondent's attorney of record from L. LaMont Anderson (who recently retired) to Mark Olson, and serve a copy of the Petition (Dkt. 3) and this Order on Mr. Olson at his registered ECF address.
3. Within **120 days** after entry of this Order, Respondent shall have the option of filing either of the following: (1) a motion for summary dismissal or partial summary dismissal on procedural grounds (which may be followed by an answer if the motion is unsuccessful); or (2) an answer and brief on the claims that were adjudicated on the merits by the Idaho Supreme Court, that also includes a brief summary (between one paragraph and several pages) of any procedural defenses for any claims (which may be argued in the alternative).
4. Respondents shall file with the responsive pleading or motion, or within a reasonable time period thereafter, a copy of all portions of the state court record

previously transcribed that are relevant to a determination of the issues presented. Any presentence investigation reports or evaluations shall be filed under seal.

5. If the response to the habeas petition is an answer, Petitioner shall prepare a reply (formerly called a traverse), containing a brief rebutting Respondents' answer and brief, which shall be filed and served **within 30 days** after service of the answer. Respondent has the option of filing a sur-reply **within 14 days** after service of the reply. At that point, the case shall be deemed ready for a final decision.

6. If the response to the habeas petition is a motion, Petitioner's response to the motion shall be filed and served **within 30 days** after service of the motion, and Respondents' reply, if any, shall be filed and served **within 14 days** thereafter.

7. No party shall file supplemental responses, replies, affidavits or other documents not expressly authorized by the Local Rules without first obtaining leave of Court.

8. No discovery shall be undertaken in this matter unless a party obtains prior leave of Court, pursuant to Rule 6 of the Rules Governing Section 2254 Cases.

9. The parties may, but need not, file the following in this matter: (1) notices of non-objections to motions to which they do not object; (2) responses to motions for appointment of counsel; (3) responses to motions that are meritless, frivolous, or filed in contravention of this Order; or (4) notices of intent not to file a reply. If additional briefing is required on any issue, the Court will order it.

10. Each party shall ensure that all documents filed with the Court are simultaneously served via the ECF system or by first-class mail upon the opposing party (through

counsel if the party has counsel), pursuant to Federal Rule of Civil Procedure 5. Each party shall sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of the person upon whom service was made, or as specified by the applicable ECF rules. The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly identified as requesting an ex parte order, pursuant to Local Rule 7.2. ("Ex parte" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

11. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10 and 11, and Local Rules 5.2 and 7.1. The Court will not consider requests made in the form of letters.

12. Petitioner shall at all times keep the Court and Respondent advised of any changes in address.

///

///

///

///

13. If Petitioner's custodian changes at any point during this litigation, counsel for Respondents shall file a Notice of Substitution of Respondent within 30 days of such change, identifying the person who is substituted as a Respondent. *See* Fed. R. Civ. P. 25(d); Rule 2(a) of the Rules Governing Section 2254 Cases.

DATED: September 23, 2026

David C. Nye
U.S. District Court Judge